UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D3, ALBERT LEE,

    Defendant.

Case No. 19-cr-20112-03
Hon. Matthew F. Leitman

_____/

## ORDER DENYING (1) DEFENDANT'S MOTION FOR REVOCATION OF DETENTION ORDER (ECF No. 207) AND (2) DEFENDANT'S NOTICE OF JOINDER IN CO-DEFENDANT JAMES WOODS'S MOTION TO REVOKE DETENTION ORDER (ECF No. 254)

Defendant Albert Lee is awaiting trial in this Court. On July 29, 2019, the assigned Magistrate Judge issued an order detaining Lee pending trial (the "Detention Order"). (*See* Detention Order, ECF No. 131.) Lee previously filed a motion to revoke the Detention Order. (*See* Mot., ECF No. 207.) He has now filed a "Notice of Joinder" in co-defendant James Woods's motion to revoke the Detention Order based on the COVID-19 pandemic[1]. (*See* Notice, ECF No. 254.) The Court takes the threat of the COVID-19 pandemic seriously, but for the reasons that follow, Lee's motions are **DENIED**.

---

[1] The Court construes Lee's "Notice of Joinder" as a second motion to revoke the Detention Order.

1

# I

On February 27, 2019, Lee was charged in an indictment with one count of conspiracy to possess with intent to distribute and to distribute cocaine base and heroin in violation of 21 U.S.C. §§ 846 and 841(a)(1) and one count of use of a communication facility in violation of 21 U.S.C. § 843(b). (*See* Indictment, ECF No. 1.) In the indictment, the Government alleged that "[t]he conspiracy as a whole involved 28 grams or more of a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance and 100 grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance." (*Id.*, PageID.2.)

On July 26, 2019, the assigned Magistrate Judge held a detention hearing and ordered that Lee be detained pending trial. (*See* Detention Order, ECF No. 131.) In preparation for the hearing, a Pre-Trial Services officer prepared a report recommending that Lee be detained. In a written order entered following the hearing, the Magistrate Judge concluded that Lee had not introduced sufficient evidence to overcome the presumption that no condition or combination of conditions could reasonably assure Lee's appearance and the safety of the community. (*See id.*, PageID.549.) The Magistrate Judge also found, by clear and convincing evidence, that there was a serious risk that, if released, Lee would endanger the safety of another person or the community. (*See id.*) The Magistrate

Judge further found, by a preponderance of the evidence, that no condition or combination of conditions of release would reasonably assure Lee's appearance. (*See id.*) Finally, the Magistrate Judge found that the weight of the evidence, Lee's criminal history, and Lee's history of violence and substance abuse weighed in favor of detention. (*See id.*)

Following entry of the Detention Order, a grand jury returned a Fourth Superseding Indictment, the operative indictment in this action, against Lee and his co-defendants. (*See* Fourth Superseding Indictment, ECF No. 149.) The Fourth Superseding Indictment charges Lee with one count of conspiracy to possess with intent to distribute and to distribute cocaine base and heroin in violation of 21 U.S.C. §§ 846 and 841(a)(1) and one count of use of a communication facility in violation of 21 U.S.C. § 843(b). (*See id.*)

On December 27, 2019, Lee filed a motion to revoke the Detention Order. (*See* Mot., ECF No. 207.) Then, on March 26, 2020, Lee filed a "Notice of Joinder" in co-defendant James Woods's motion to revoke the Detention Order based on the COVID-19 pandemic. (*See* Not., ECF No. 254.) In the Notice of Joinder, Lee argues that "the increased threat of death from the presence of COVID-19 in Michigan constitutes new information … that tips the balancing of the relevant factors in favor of pretrial release." (*Id.*, PageID.1143.)

## II

Pretrial detention of criminal defendants is governed by the Bail Reform Act, 18 U.S.C. § 3142. The United States Court of Appeals for the Sixth Circuit has explained that that Act establishes the following framework for review of pretrial detention matters:

> Under the Bail Reform Act, 18 U.S.C. § 3142, upheld by the Supreme Court in *United States v. Salerno,* 481 U.S. 739, (1987), a defendant may be detained pending trial only if a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). A judicial officer's finding of dangerousness must be "supported by clear and convincing evidence." 18 U.S.C. § 3142(f)(2)(b). The default position of the law, therefore, is that a defendant should be released pending trial.
>
> That default is modified, however, for certain, particularly dangerous defendants. Specifically, when a "judicial officer finds that there is probable cause to believe" that a defendant committed one of the crimes listed in section 3142(e)(3), there is a presumption in favor of detention: "Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community[.]" 18 U.S.C. § 3142(e)(3). A grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged. [*United States v.*] *Hazime,* 762 F.2d [34,] 37 [(6th Cir. 1985)]. Thus, when the government presents an indictment including charges listed in section 3142(e)(3), it has fulfilled its burden to establish the presumption in favor of detention.

As our sister circuits have found, section 3142(e)(3)'s presumption in favor of detention imposes only a "burden of production" on the defendant, and the government retains the "burden of persuasion." *See, e.g., United States v. Mercedes,* 254 F.3d 433, 436 (2d Cir. 2001); *United States v. Portes,* 786 F.2d 758, 764 (7th Cir. 1985). A defendant satisfies his burden of production when he "com[es] forward with evidence that he does not pose a danger to the community or a risk of flight." *Mercedes,* 254 F.3d at 436. Although a defendant's burden of production "is not heavy," he must introduce at least some evidence. *United States v. Stricklin,* 932 F.2d 1353, 1355 (10th Cir. 1991); *see also United States v. Rodriguez,* 950 F.2d 85, 88 (2d Cir. 1991)("[A] defendant must introduce some evidence contrary to the presumed fact in order to rebut the presumption.").

Even when a defendant satisfies his burden of production, however, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Mercedes,* 254 F.3d at 436. The presumption remains as a factor because it is not simply an evidentiary tool designed for the courts. Instead, the presumption reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial. *See United States v. Jessup,* 757 F.2d 378, 384 (1st Cir. 1985), abrogated on other grounds by *United States v. O'Brien,* 895 F.2d 810 (1st Cir. 1990), ("Congress intended magistrates and judges, who typically focus only upon the particular cases before them, to take account of the more general facts that Congress found"); *see also United States v. Dominguez,* 783 F.2d 702, 707 (7th Cir. 1986) ("[T]he presumption of dangerousness ... represents Congressional findings that certain offenders ... are likely to continue to engage in criminal conduct undeterred either by the pendency of charges against them or by the imposition of monetary bond or other release conditions."). To rebut the presumption, therefore, a

5

defendant should "present all the special features of his case" that take it outside "the congressional paradigm [.]" *Jessup,* 757 F.2d at 387.

Regardless of whether the presumption applies, the government's ultimate burden is to prove that no conditions of release can assure that the defendant will appear and to assure the safety of the community. In determining whether the government has met that burden of persuasion, the court must consider certain factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, ... a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release....

> 18 U.S.C. § 3142(g). However, consideration of these factors shall not be construed to modify or limit the presumption of innocence. 18 U.S.C. § 3142(j).

*United States v. Stone*, 908 F.3d 939, 945-46 (6th Cir. 2010).

In reviewing Lee's motions, this Court will not accord deference to the Magistrate Judge's conclusions and will, instead, conduct a *de novo* review of the evidence and legal issues. *See, e.g., United States v. Williams*, 948 F.Supp. 692, 693 (E.D. Mich. 1996) ("This court reviews *de novo* the magistrate's order of pretrial detention").

### III

### A

The Court held a hearing on Lee's initial motion to revoke the Detention Order on March 5, 2020. (*See* Dkt.) At that hearing, the Court orally denied Lee's motion. The Court found, by clear and convincing evidence, that there was no condition or set of conditions of release that could adequately protect the community. The Court has not yet entered a written order confirming its earlier denial of Lee's initial motion. By this written order, the Court confirms that Lee's initial motion to revoke the Detention Order is **DENIED** for the reasons stated on the record during the March 5, 2020, hearing.

**B**

The Court next turns to Lee's Notice of Joinder in co-defendant James Woods's motion to revoke the Detention Order based on the COVID-19 pandemic.[2] The Court is not persuaded that Lee is entitled to relief.

The Court recognizes that COVID-19 poses a serious threat to all members of our community, including Lee. And the Court is sensitive to the special risks that COVID-19 poses to incarcerated persons. However, the COVID-19 pandemic cannot be the sole basis for releasing a defendant from custody pending trial; the Court must still consider the Section 3142(g) factors. *See United States v. Martin*, 2020 WL 1274857, at *2 (D. Md. Mar. 17, 2020) (explaining that "as concerning as the COVID-19 pandemic is," a court must nonetheless conduct "an individualized assessment of the factors identified by the Bail Reform Act"). In an appropriate case, the circumstances of the COVID-19 pandemic, and the pandemic's impact on a particular prisoner in a particular facility, could perhaps tip the balance in favor of pretrial release. But given the record now before the Court, based upon the balance of Section 3142(g) factors described on the record by the Court at the March 5, 2020, hearing, the Court is not persuaded that the COVID-19 pandemic justifies releasing Lee prior to trial.

---

[2] The Court notes that it has entered an order denying Woods's motion.

# V

For all of the reasons stated above, Lee's motions for revocation of the Detention Order (ECF Nos. 207, 254) are **DENIED**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: March 30, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 30, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764